IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Dillon Steinhilber, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:18-cv-2966-TMC |
| | ) | |
| vs. | ) | |
| | ) | |
| Yanfeng US Automotive Interiors Systems I, LLC,[1] | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Dillon Steinhilber ("Plaintiff") originally brought this action in South Carolina state court alleging his former employer, Yanfeng US Automotive Interiors Systems I, LLC ("Yanfeng"), discriminated and retaliated against him in violation of both Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e–2000e-17 (2018), and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213. (ECF No. 1-1 at 9–14). On November 2, 2018, Yanfeng removed the action to this court based on federal question jurisdiction arising from Plaintiff's claims under Title VII and the ADA. (ECF No. 1). In accordance with 28 U.S.C. §

---

[1] Defendants Yanfeng Automotive Interiors and Yanfeng US Automotive Interior Systems II, LLC were dismissed from this action on November 7, 2018, per the parties' stipulation. (ECF Nos. 8, 10).

1

636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), this matter was referred to a magistrate judge for pretrial handling.

On January 21, 2020, Yanfeng moved for summary judgment as to all claims. (ECF No. 44). Plaintiff filed his response on February 18, 2020, and Yanfeng replied. (ECF Nos. 50, 52). Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court grant Yanfeng's motion for summary judgment. (ECF No. 64). Plaintiff filed objections to the Report, (ECF No. 66), and Yanfeng filed a response, (ECF No. 69). This matter is now ripe for review. After carefully reviewing the record and the submissions of the parties, the court concludes a hearing is unnecessary to decide this matter. For the reasons set forth below, the court grants summary judgment in favor of Yanfeng on all Plaintiff's claims.

## BACKGROUND

**Magistrate Judge's Findings and Conclusions**

Upon review of the parties' briefing, the record, and the magistrate judge's Report, the court adopts the procedural history, factual background, and evidence as thoroughly set forth in the Report. *See* (ECF No. 64 at 1–10). Because Plaintiff relies solely on circumstantial evidence to support his claims, the magistrate judge properly applied the three-step, burden-shifting framework set forth in *McDonnell*

*Douglas Corp. v. Green*, 411 U.S. 792 (1973), to both Plaintiff's Title VII and ADA claims.

The magistrate judge first addressed Plaintiff's claim for sex discrimination under Title VII. *See id*. at 11–18. The magistrate judge found that there was sufficient evidence for Plaintiff to establish a prima facie case for discrimination and that Yanfeng had identified legitimate, non-discriminatory reasons for Plaintiff's suspension and termination. *See id*. at 11–14. The magistrate judge then considered whether Plaintiff had produced sufficient evidence to demonstrate that Yanfeng's purported non-discriminatory reasons were merely pretextual and found that there was no evidence in the record that Yanfeng's actions were the result of discrimination against Plaintiff based on his gender orientation. *Id*. at 14–18. Specifically, the magistrate judge found that Plaintiff presented no evidence or relied solely on inadmissible hearsay evidence in support of his claims (1) that he was treated differently than other non-transgender male employees for the same or similar conduct; (2) that an HR manager's failure to timely respond to Plaintiff's inquiries regarding healthcare coverage for transgender procedures was in any way motivated by discriminatory animus or related to the decisions to suspend or terminate Plaintiff; and (3) that Yanfeng's investigation into Plaintiff's conduct, which resulted in the final written warning and his suspension, was "obviously inadequate" such that it would support a finding of pretext. *Id*. at 15–17.

3

Accordingly, the magistrate judge concluded that "[P]laintiff has failed to present sufficient evidence showing that the reasons given by [Yanfeng] for the adverse employment actions were not the actual reasons, and he has likewise failed to raise a reasonable inference that sex discrimination was the real reason for his final written warning and/or termination from employment." *Id*. at 18. The magistrate judge concluded, therefore, that Yanfeng was entitled to summary judgment as to Plaintiff's claim for discrimination under Title VII. *Id*.

With respect to Plaintiff's claim for retaliation under Title VII, the magistrate judge found that Plaintiff could make out a prima facie case based on his January 2017 complaint to Human Resources ("HR") asserting he was being harassed based on his sexual orientation. *Id*. at 19. In particular, the magistrate judge found that, because at least one of the decisionmakers was aware of Plaintiff's complaint and given the close temporal proximity between his complaint and termination, there was sufficient evidence of causation to establish a prima facie case of retaliation. *Id*. Nevertheless, as to pretext, which requires stringent but-for causation, the magistrate judge found that the closeness in time between Plaintiff's complaint and his termination was insufficient by itself to establish pretext. *Id*. at 20 (citing *Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 246 (4th Cir. 2015); *Jones v. UnitedHealth Group, Inc*., 19-1728, 2020 WL 2116469, at *2–3 (4th Cir. April 21, 2020)). Thus, because Plaintiff "presented no evidence that raises an inference that retaliation for

4

his complaint about harassment . . . was the reason for his termination from employment," the magistrate judge recommended that summary judgment be granted to Yanfeng on this claim as well. *Id*. at 21.

Next, the magistrate judge considered Plaintiff's claims under the ADA. As to Plaintiff's discrimination claim, the magistrate judge found there was sufficient evidence to establish that Plaintiff's autism spectrum disorder ("ASD") constitutes a disability within the meaning of the ADA. *Id*. at 22–23. The magistrate judge then assumed, for purposes of the summary judgment motion, that Plaintiff could show each of the remaining elements of a prima facie case for disability discrimination and found that Yanfeng had presented evidence to rebut the presumption of discrimination by showing that Plaintiff was suspended and terminated for legitimate, non-discriminatory reasons. *Id*. at 23. Consequently, the magistrate judge turned once again to consider whether there was any evidence that Yanfeng's asserted reasons were merely pretext for discrimination. *Id*. at 23–25. While the magistrate judge recognized the temporal proximity between Plaintiff's suspension and his submission of the letter from his counselor to HR in November 2016, the magistrate judge noted that there was no indication that Yanfeng was aware of the letter or Plaintiff's diagnosis prior to issuing the final written warning which resulted in Plaintiff's suspension. *See id*. at 23. Further, the magistrate judge found that, even viewing all the evidence in the light most favorable to Plaintiff, there was

5

insufficient evidence to raise an inference that Plaintiff's termination in January 2017 was in any way motivated by his discussion with HR in November 2017 concerning his ASD. *Id*. at 24–25. Accordingly, the magistrate concluded that "plaintiff has failed to present sufficient evidence to raise a reasonable inference that [Yanfeng's] given reasons for his suspension and termination from employment were not its true reasons, and . . . that discrimination based on his disability was the real reason for his suspension and/or termination from employment," and recommended that summary judgment be granted to Yanfeng as to this claim. *Id*. at 25.

With respect to Plaintiff's ADA retaliation claim, the magistrate judge again found that Plaintiff has presented sufficient evidence to establish a prima facie case. *Id*. at 26. In particular, the magistrate judge found there was evidence that Plaintiff had engaged in a protected activity by submitting the letter from his counselor and discussing his ASD and possible accommodations with Yanfeng, and that the close temporal proximity between the protected activity and the adverse action was "sufficient to satisfy prima facie causation." *Id*. However, the magistrate reiterated that "temporal proximity alone is insufficient to satisfy the plaintiff's burden of showing that retaliation for his protected activities was a but-for cause of his suspension and termination from employment." *Id*. Therefore, the magistrate judge

6

concluded that summary judgment was also proper as to Plaintiff's retaliation claim. *Id*.

Finally, although neither party specifically addressed Plaintiff's failure to accommodate claim in their summary judgment briefing, the magistrate judge nevertheless considered the claim out of an abundance of caution. *Id*. at 27. Specifically, the magistrate judge concluded that Plaintiff's claim fails as a matter of law "because the plaintiff has not identified a reasonable accommodation that could have been discovered in the interactive process that would have enabled him to perform the essential functions of his position as a production supervisor." *Id*. at 28. Accordingly, the magistrate judge found that all Plaintiff's claims fail as a matter of law and recommended that Yanfeng's motion for summary judgment be granted. *Id*. at 29.

**Plaintiff's Objections**

Plaintiff filed objections to the magistrate judge's Report. (ECF No. 66). Plaintiff generally objects to the magistrate judge's conclusions regarding his failure to establish evidence of pretext for each of his claims. *See id*. However, these objections fail to identify any factual or legal errors in the magistrate judge's analysis, and merely restate his prior arguments in opposition to Yanfeng's motion for summary judgment. *See generally id*.

Plaintiff's only specific objection to the Report asserts that the magistrate judge erred in his application of *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000) and *Foster v. University of Maryland-East Shore*, 787 F.3d 243, 246 (4th Cir. 2015), to analyze Plaintiff's Title VII retaliation claim. *See id*. at 4–6. Specifically, Plaintiff contends that the magistrate judge "incorrectly applied *Foster*[] to create a 'pretext plus' framework . . . inconsistent with [the] ruling[s] in *Reeves* and *Foster*, which make[] it clear that a showing of the falsity of an employer's reasons[] can be by itself sufficient evidence that the real reason for the challenged conduct is discrimination and/or retaliation . . . ." *Id*. at 4. Additionally, Plaintiff asserts that the magistrate judge usurped the jury's role by improperly making credibility determinations when considering the evidence regarding whether the real reason for Plaintiff's termination was retaliation by Yanfeng. *Id*. at 5–6.

## STANDARD OF REVIEW

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of

summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the burden of proving that summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *Celotex Corp.*, 477 U.S. at 322.

## DISCUSSION

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection

9

is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).  Thus, "[a] party's objection to a magistrate judge's report must be 'specific and particularized' in order to facilitate review by a district court." *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap*, 288 F. Supp. 3d at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).  "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).  Similarly, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Frazier v. Wal-Mart*, C.A. No. 6:11-1434-

10

MGL, 2012 WL 5381201, at *1 (D.S.C. Oct. 31, 2012) (noting that "almost verbatim restatements of the arguments made in previously ruled upon discovery motions" are not specific objections); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge").  Thus, a *de novo* review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report.  *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see also Dandy v. Berryhill*, 6:17-cv-331-BHH, 2018 WL 4610757 (D.S.C. Sept. 26, 2018); *Butler v. Berryhill*, No. 4:16-cv-03209-JMC, 2018 WL 1556188, at *1 n.3 (D.S.C. Mar. 30, 2018) ("The court does not need to conduct a de novo review of objections presented in the form of '[complete statements] of arguments already made . . . as these objections never cite specific conclusions of the [report] that are erroneous.'" (quoting *Smith v. City of N. Charleston*, 401 F. Supp. 2d 530, 533 (D.S.C. 2005)).  Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation.  *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

The only specific objection Plaintiff raises asserts that the magistrate judge erred in analyzing the Title VII retaliation claim and, specifically, whether there was sufficient evidence of pretext and causation to survive summary judgment. (ECF No. 66 at 4–6). According to Plaintiff, because "the trier of fact can reasonable infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose[,]" the magistrate judge incorrectly concluded that additional evidence was needed to establish that Yanfeng's stated reasons were merely pretext and that retaliatory animus was the real reason for Plaintiff's termination. *See id*.

Under the *McDonnell Douglas* framework, in order to establish a prima facie case for Title VII retaliation a plaintiff must show "(i) that [he] engaged in protected activity, (ii) that [his] employer took adverse action against [him], and (iii) that a causal relationship existed between the protected activity and the adverse employment activity." *Foster*, 787 F.3d at 250 (quoting *Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004), *abrogated on other grounds*) (internal quotation marks omitted). Once a prima facie case has been established, the burden then shifts to the employer "to show its purportedly retaliatory action was in fact the result of a legitimate non-retaliatory reason." *Id*. If the employer makes this showing, the burden shifts back to the plaintiff to present sufficient evidence to rebut the employer's purported nonretaliatory reasons by demonstrating they "were not its true reasons, but were a pretext for discrimination." *Reeves*, 530 U.S. at 143; *see*

12

*also Foster*, 787 F.3d at 250. "Thus, [Plaintiff] must establish causation at two different stages of the *McDonnell Douglas* framework: first, in making a prima facie case, and second, in proving pretext and satisfying [his] ultimate burden of persuasion." *Id*. At issue in this case is the burden to establish causation during the pretext stage.[2]

A plaintiff need not present direct evidence of an employer's retaliatory animus in order to prove causation. *See id*. Rather, "[i]f a plaintiff can show that []he was fired under suspicious circumstances *and* that h[is] employer *lied* about its reasons for firing h[im], the factfinder may infer that the employer's undisclosed retaliatory animus was the actual cause of h[is] termination." *Id.* (citing *Reeves*, 530 U.S. at 148) (emphasis added). Nevertheless, the burden remains with plaintiff to prove "that *the desire to retaliate* was the but-for cause of the challenged employment action.'" *Villa v. CavaMezze Grill, LLC*, 858 F.3d 896 (4th Cir. 2017) (quoting *Univ. of Tex. S.W. Med. Cntr. v. Nassar*, 570 U.S. 338, 352 (2013)) (emphasis in original); *see also Foster*, 787 F.3d at 252 (noting "the *McDonnell Douglas* framework has long demanded proof at the pretext stage that retaliation was a but-for cause of a challenged adverse employment action"); *Jones v. UnitedHealth Grp., Inc.*, 802 Fed. App'x 780, 781–82 (4th Cir. 2020) ("To satisfy the pretext prong

---

[2] The court notes that Plaintiff raises no objections to the magistrate judge's analysis or findings with respect to the prima facie prong for any of Plaintiff's claims.

of a Title VII retaliation claim, the plaintiff bears the ultimate burden of establishing that [his] protected activity was a 'but-for' cause of the adverse action."). Moreover, "[u]nlike discrimination plaintiffs, retaliation plaintiffs are limited to 'traditional principles of but-for causation' and must be able to prove that 'the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer.'" *Foster*, 787 F.3d at 249 (quoting *Nassar*, 570 U.S. at 360).

Applying this framework, the magistrate judge correctly concluded that Plaintiff's claim fails to survive summary judgment. (ECF No. 64 at 20–21). The Report sets forth the proper standard under *Foster* and notes that, "in order to meet his burden at the pretext stage, the plaintiff must show that he would not have been suspended and/or terminated from employment but-for [Yanfeng's] retaliatory animus." *Id*. at 20. Viewing all the facts in the light most favorable to Plaintiff, the magistrate judge considered both Plaintiff's November 2016 complaint that he felt harassed by the investigation into his inappropriate conduct and his January 2017 email asserting discriminatory conduct by a subordinate employee to be protected activities. *See id*. at 20–21. The magistrate judge also recognized the temporal proximity between the November 2016 complaint and Plaintiff's suspension, and between the January 2017 email and Plaintiff's ultimate termination. *Id*. at 20. However, as the magistrate judge correctly noted, "'temporal proximity, without

14

more, does not support a finding of pretext.'" *Id*. (quoting *Jones*, 802 Fed. App'x at 783). Specifically, the magistrate judge found as follows:

> [W]ith regard to the plaintiff's suspension, it is undisputed that the investigation into the plaintiff's conduct that led to the final written warning had already begun at the time the plaintiff complained to [HR]. Indeed, the reason the plaintiff went to [HR] in the first place was because [Plaintiff] heard he was being investigated. Moreover, there is no evidence that Hill and Gorie, who issued the final written warning, knew that the plaintiff had told [HR] that he felt humiliated and harassed because someone followed him to the restroom and co-workers were making comments. Further, he has presented no evidence that raises an inference that retaliation for his [January 2017] complaint about harassment to [HR] was the reason for his termination from employment. . . . While the plaintiff clearly disagrees with [Yanfeng's] proffered reasons, he has failed to produce evidence tending to show that [Yanfeng's] non-discriminatory reasons for his suspension and termination were false and that retaliation was the real reason.

*Id*. at 20–21.

Plaintiff's objection centers on last sentence quoted above, which Plaintiff contends "create[d] a 'pretext plus' framework that requires a successful pretext argument to establish two separate elements, 1) that the employer's stated reason is false, and 2) that the real reason for the challenged conduct is discrimination and/or retaliation." (ECF No. 66 at 4). However, Plaintiff's argument misses the mark by failing to recognize that pretext and causation are one and the same. *See, e.g.*, *Jones v. Eaton Corp*., Civ. A. No. 3:15-cv-4236-JMC, 2017 WL 1190873, at *9 (D.S.C.

15

March 31, 2017). Indeed, "'[t]he focus of a pretext inquiry is whether the employer's stated reason was honest,'" but "'[t]he ultimate question is whether the employer intentionally discriminated[.]'" *Id.* (quoting *Love-Lane v. Martin*, 355 F.3d 766, 788 (4th Cir. 2004); *Anderson v. Ziehm Imaging, Inc.*, C/A No. 7:09-2574-JMC, 2011 WL 1374794, at *5 (D.S.C. April 12, 2011)). In other words, "'proof that the employer's proffered reason is unpersuasive, or even obviously contrived, does not necessarily establish that plaintiff's proffered reason is correct[.]'" *Id.* (quoting *Love-Lane*, 355 F.3d at 788). "'[I]t is not enough to disbelieve the employer[;]' [r]ather, Plaintiff must demonstrate that a reasonable jury could believe him." *Id.* (quoting *Love-Lane*, 355 F.3d at 788). In this case, the magistrate judge found that there was no evidence from which a jury could reasonable conclude that Plaintiff's November 2016 complaint or January 2017 email were in any way related to, let alone a but-for causes of, his suspension or eventual termination. *See Foster*, 787 F.3d at 252 (noting *McDonnell Douglas* requires proof at the pretext stage that retaliation was a "but-for" cause of the challenged action). Accordingly, there was no evidence that Yanfeng's stated reasons for the adverse employment actions against Plaintiff were false from which the magistrate judge or any jury could infer retaliatory intent. *See Reeves*, 530 U.S. at 148 (noting "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully

16

discriminated"); *Foster*, 787 F.3d at 250 (noting a factfinder can only infer retaliatory animus upon a prima facie showing *and* evidence that the employer's reasons were false). Having thoroughly reviewed the record and all evidence presented by the parties, the court agrees with the magistrate judge's analysis and conclusion that "Plaintiff's pretext argument fails because[,] even if the court views the evidence in the light most favorable to him, Plaintiff's evidence does not suggest any pretextual motivation on the part of [Yanfeng] to retaliate against Plaintiff when [it] made the decision to terminate his employment." *Jones*, 2017 WL 1190873, at *9. Therefore, Plaintiff's objection is overruled.

The remainder of Plaintiff's objections simply restate the arguments set forth in his response to Yanfeng's motion for summary judgment. *Compare* (ECF No. 66 at 3–4, 6–17), with (ECF No. 50). However, as district courts in the Fourth Circuit have repeatedly stated, "an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object." *Jesse S. v. Saul*, No. 7:17-cv-00211, 2019 WL 3824253, at *1 (W.D. Va. Aug. 14, 2019); *see Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (finding that the rehashing of arguments raised to the magistrate judge does not comply with the requirement to file specific objections). Indeed, a district court "may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the

17

Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (internal quotation marks omitted). Moreover, these objections state nothing more than Plaintiff's "disagreement with [the] magistrate's suggested resolution," rather than specifically identifying any factual or legal error in the Report. *Aldrich*, 327 F. Supp. 2d at 747. Accordingly, the remainder of the Report and the magistrate judge's recommendations are reviewed only for clear error and the court need not provide any explanation for adopting the magistrate judge's recommendations. *Camby*, 718 F.2d at 199–200; *Dunlap*, 288 F. Supp. 3d at 662. Having carefully and thoroughly reviewed the Report, the record, and the parties' extensive briefing, the court overrules the remainder of Plaintiff's objections, (ECF No. 66), and adopts the Report in full.

## CONCLUSION

Based on the foregoing, the court concurs with both the reasoning and the result reached by the magistrate judge in his Report. Therefore, the court **ADOPTS** the Report (ECF No. 64) in its entirety, incorporates the Report herein by reference, and **GRANTS** Yanfeng's motion for summary judgment (ECF No. 44).[3]

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

August 21, 2020
Anderson, South Carolina

---

[3] The parties' pending motions in limine, (ECF Nos. 54, 56), are hereby **DENIED as moot**.

18